FILED
United States Court of Appeals
Tenth Circuit

**August 2, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDWARD SIMMONS,

        Plaintiff-Appellant,

v.

PATRICK R. DONAHOE, Postmaster
General, United States Postal
Service,*

        Defendant-Appellee.

No. 10-1452
(D.C. No. 1:08-CV-02593-WYD-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**\**

Before **HOLMES** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

Edward Simmons filed this action against Patrick R. Donahoe, Postmaster

General of the United States Postal Service (USPS), claiming that, on the basis of

his disability, the USPS discriminated against him and subjected him to a hostile

---

\*     Patrick R. Donahoe has been substituted for John E. Potter as the appellee
in this case pursuant to Fed. R. App. P. 43(c)(2).

\**    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

work environment in violation of the Rehabilitation Act of 1973, as amended, *see* 29 U.S.C. §§ 791, 794. The district court granted summary judgment to the USPS, and Mr. Simmons appealed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Simmons worked as a customer services supervisor at a carrier annex in Englewood, Colorado. In this action, he alleged that he is disabled by reason of a brain tumor and post-traumatic stress disorder. He claimed that his supervisor created a hostile work environment on account of his disability. He also claimed that, because of his disability, he did not receive adequate training or opportunity for career development and promotion. He further alleged that he was denied leave under the Family Medical Leave Act and was not paid or endured delays in his pay, all on account of his disability.

The USPS moved for summary judgment. Among its many reasons, the USPS argued that Mr. Simmons could not establish a prima facie case of disability discrimination under the Rehabilitation Act. The first element of a prima facie case requires a plaintiff to show that he "is disabled under the Act." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010) (quotation omitted). The district court determined that Mr. Simmons had not established this element of his prima facie case.[1] Among other things, the court concluded there was no

---

[1] The district court also concluded that Mr. Simmons could not establish

(continued...)

-2-

evidence in the record that Mr. Simmons had a disability that substantially limited a major life activity, which is one way disability is defined under the Rehabilitation Act, *see id.*

We need not delve into the facts or the district court's decision any deeper than this. Although one of the issues Mr. Simmons listed in his opening appellate brief is "[w]hether the District Court erred by holding that [he] did not establish a *prima facie* case of disability discrimination and hostile work environment," Aplt. Opening Br. at 2, he provides no argument on the point. "Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal." *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007). In his reply brief, Mr. Simmons claims that he did contest the court's conclusions as to his prima facie case in his opening brief, *see* Aplt. Reply Br. at 11-12, but his argument was simply that he made a prima facie showing that his working environment was hostile by pointing to a pattern of discriminatory conduct by his supervisor, *see* Aplt. Opening Br. at 16-17. He did not present any argument concerning the district court's conclusion that he did not establish he had a qualifying disability under the

---

[1](...continued)
other elements of a prima facie case under the Rehabilitation Act, namely, that he was otherwise qualified to perform his job and that the USPS discriminated against him on the basis of his disability. *See Wilkerson*, 606 F.3d at 1262. As discussed below, we need not address these determinations.

Rehabilitation Act.  He therefore has waived his right to appellate review of that issue.  *Christian Heritage Acad.*, 483 F.3d at 1031.  This waiver is dispositive because "[t]o proceed in federal court, a plaintiff must establish a prima facie case of employment discrimination under the Rehabilitation Act."  *McGeshick v. Principi*, 357 F.3d 1146, 1150 (10th Cir. 2004).  None of the arguments Mr. Simmons properly raises on appeal involve the district court's determination regarding the first element of his prima facie case.  Accordingly, we AFFIRM the district court's judgment.

Entered for the Court


Stephen H. Anderson
Circuit Judge